United States District Court
Southern District of Texas
FILED

APR 20 2000

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSEPH K. CONNOR § § Plaintiff § § vs. § § TEXAS A&M UNIVERSITY - KINGSVILLE; § HUMBERTO GARCIA, Individually and in § His Official Capacity; and ROBERT BAZAN, § Individually and in His Official Capacity § § Defendants. § | Civil Action No. C-00-069  **JURY TRIAL REQUESTED** |

## JOINT REPORT OF THE MEETING AND
## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

RESPONSE:

The meeting took place by telephone. Gay Gilson attended for Plaintiff. William T. Deane attended for Defendants.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

RESPONSE:

None.

3. Briefly describe what this case is about.

RESPONSE:

Plaintiff was employed by Defendants in the university police department as an officer. In this action, Plaintiff alleges violation of his rights pursuant to 42 U.S.C. §1983 and Title VII and the

10.

First Amendment to the United States Constitution. Plaintiff further alleges that Defendants discriminated against him in their disparate and different treatment of him based upon his race. Plaintiff also alleges that Defendants engaged in extensive illegal retaliation in response to his opposition to disparate and different treatment by Defendants. Plaintiff further alleges violation of his right to freedom of speech, violation of his rights to due process and due course of law and violation of his right to petition the government for redress of grievances. Plaintiff also brings this action under the Texas Commission on Human Rights Act.

Defendants' deny Plaintiff's allegations.

4.   Specify the allegation of federal jurisdiction.

RESPONSE:

This Court has jurisdiction over this action by reason of 28 U.S.C. 1331 and 1343, in that Plaintiff, pursuant to Title VII, seeks to redress racial discrimination and retaliation for protected activity he experienced at the hands of defendants. The Court also has jurisdiction over Plaintiff's claims of racial discrimination brought pursuant to the Texas Commission on Human Rights Act. This Court has jurisdiction over this action by reason of 42 U.S.C. §1983, in that Plaintiff, pursuant to 28 U.S.C. §1343(3), seek redress for deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States of America. The Court has supplemental jurisdiction over Plaintiff's state law claims brought under the Texas Commission on Human Rights Act. Venue is proper pursuant to 28 U.S.C. §1391 because the acts complained of primarily occurred within the geographical boundaries of the United States District Court for the Southern District of Texas, Corpus Christi, Division.

5.   Name the parties who disagree and the reasons.

RESPONSE:

    None.

6.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

RESPONSE:

    None known at this time.

7.    List anticipated interventions.

RESPONSE:

    None known at this time.

8.    Describe class-action issues.

RESPONSE:

    None.

9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

RESPONSE:

    Initial disclosures will be made by May 1, 2000.

10.    Describe the proposed agreed discovery plan, including:

    A.    Responses to all the matters raised in Rule 26(f).

RESPONSE:

    (1)    Disclosures will be made by May 1, 2000;

    (2)    The parties intend on propounding written discovery and taking depositions. At this time, it does not appear that it will be necessary to conduct discovery in phases.

3

 (3) At this time, the parties see that no limitations on discovery imposed under the FRCPs is necessary.

 B. When and to whom the plaintiff anticipates it may send interrogatories.

RESPONSE:

 Plaintiff will send interrogatories to Defendants by June 1, 2000.

 C. When and to whom the defendant anticipates it may send interrogatories.

RESPONSE:

 Defendants will send interrogatories to Plaintiff by June 1, 2000.

 D. Of whom and by when the plaintiff anticipates taking oral depositions.

RESPONSE:

 Plaintiff intends on taking the depositions of Humberto Garcia, Robert Bazan, Plaintiff's supervisors, officers who worked with Plaintiff, Jimmy Hartsfield and possibly those who have custody and control of her personnel records and leave records.

 E. Of whom and by when the defendant anticipates taking oral depositions.

RESPONSE:

 Defendants intend on taking the deposition of Plaintiff.

 F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

RESPONSE:

 The parties agree to the deadlines set out in the Scheduling Order provided of the Court.

 G. List expert depositions the plaintiff (or the party with the burden of proof on an issue)

4

anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report.)

RESPONSE:

Plaintiff agrees to take expert depositions in accordance with the Court's Scheduling Order.

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

RESPONSE:

Defendant agrees to take expert depositions in accordance with the Court's Scheduling Order.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

RESPONSE: The parties are in agreement.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

RESPONSE: No formal or informal exchange of documents has taken place as of today's date between the parties. However, the parties will exchange disclosures prior to the Initial Pretrial and Scheduling Conference.

13. State the date the planned discovery can reasonably be completed.

RESPONSE: October 2, 2000.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in you Rule 26(f) meeting.

RESPONSE: The parties have discussed mediation and other settlement possibilities and are working to obtain the necessary information to seriously discuss the possibility of settlement.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

RESPONSE: The parties have communicated about settlement possibilities and will exchange information in aid of forming a position for settlement negotiations.

16. From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

RESPONSE: Mediation.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

RESPONSE:

The parties do not agree to a trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

RESPONSE:

A jury demand was timely made.

19. Specify the number of hours it will take to present the evidence in this case.

RESPONSE: At this stage of discovery, it is difficult to determine the length of trial of this case, but the parties anticipate that the number of hours of evidence would be between 24 hours and 40 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

RESPONSE:

No motions are pending.

21. List other pending motions.

RESPONSE:

6

None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

RESPONSE:

Plaintiff attempted to serve Defendant Humberto Garcia by waiver. Defendant has not responded. Plaintiff is in the process of having him served personally. Defense counsel will, in most probability, assume representation of Mr. Garcia once service has been accomplished. Therefore, the parties do not see that Mr. Garcia's non-participation in this meeting will materially effect the any orders that the Court enters resulting from this hearing.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

RESPONSE:

COUNSEL FOR PLAINTIFF:

Gay E. Gilson
Law Office of Gay E. Gilson
4600 Ocean Drive, Suite 104D
Corpus Christi, Texas 78412
Telephone: (361) 814-0573
Facsimile: (361) 814-0674
SBN 00784131/Fed.I.D. 16385
Attorney in Charge for Plaintiff

ATTORNEY FOR DEFENDANTS:

William T. Deane
Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
Fed. I.D. So. Dist. 3775
Attorney in Charge for Defendants

JOHN CORNYN
Attorney General of Texas
ANDY TAYLOR
First Assistant Attorney General
LINDA S. EADS
Deputy Attorney General for Litigation
TONI HUNTER
Chief, General Litigation Division

        Respectfully submitted,

        Law Office of Gay E. Gilson
        4600 Ocean Drive, Suite 104D
        Corpus Christi, Texas 78412
        Telephone: (361) 814-0573
        Facsimile: (361) 814-0674

        By: _[signature]_
        GAY E. GILSON
        SBN 00784131/Fed.I.D. 16385
        ATTORNEY IN CHARGE FOR PLAINTIFF

        JOHN CORNYN
        Attorney General of Texas
        ANDY TAYLOR
        First Assistant Attorney General
        LINDA S. EADS
        Deputy Attorney General for Litigation
        TONI HUNTER
        Chief, General Litigation Division

        _William T. Deane By permission [signature]_
        William T. Deane
        Attorney General of Texas
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 463-2120
        (512) 320-0667 FAX
        Fed. I.D. So. Dist. 3775
        Attorney in Charge for Defendants

PLAINTIFF

By:_____
GAY E. GILSON
SBN 00784131/Fed.I.D. 16385
ATTORNEY IN CHARGE FOR

JOHN CORNYN
Attorney General of Texas
ANDY TAYLOR
First Assistant Attorney General
LINDA S. EADS
Deputy Attorney General for Litigation
TONI HUNTER
Chief, General Litigation Division

_____*[signature]*_____
William T. Deane
Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
Fed. I.D. So. Dist. 3775
Attorney in Charge for Defendants

8