IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAY - 1 2000

MICHAEL N. MILBY CLERK

| | |
|---|---|
| JOSEPH K. CONNOR, § | |
|     *Plaintiff*, § | |
| § | |
| V. § | |
| § | CIVIL ACTION NO. C-00-069 |
| TEXAS A&M UNIVERSITY-KINGSVILLE, § | |
| HUMBERTO GARCIA, Individually and in § | |
| his Official Capacity; and ROBERT BAZAN, § | |
| Individually and in his Official Capacity, § | |
|     *Defendants*. § | |

## DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, the TEXAS A&M UNIVERSITY - KINGSVILLE, HUMBERTO GARCIA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, AND ROBERT BAZAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, Defendants, by and through their attorney of record, John Cornyn, Attorney General of the State of Texas, and file this their Original Answer and Counterclaim in the above entitled action.

### ORIGINAL ANSWER

The following answer conforms numerically to the allegations contained in Plaintiff's Original Complaint:

### NATURE OF THE ACTION

Defendants admit that this Court has jurisdiction for suits alleging discrimination pursuant to 42 U.S.C. §1983 and Title VII, and First Amendment violations, but deny those constitutional provisions and statutes were violated. In particular, Defendants deny that there was any disparate

and different treatment of Plaintiff based on his race and deny that they engaged in extensive illegal retaliation in response to his opposition to the alleged disparate treatment. Defendants deny that they violated Plaintiff's right to freedom of speech, his rights to due process and due course of law and his right to petition the government for redress of grievances. Defendants deny that they violated any provisions of the Texas Commission of Human Rights Act.

## PARTIES

1. Defendants can neither admit or deny the allegations of Paragraph 1.

2. Defendants admit the allegations of Paragraph 2.

3. Defendants admit the allegations of Paragraph 3.

4. Defendants admit the allegations of Paragraph 4.

## JURISDICTION AND VENUE

5. Defendants admit this court generally has jurisdiction over cases brought under the constitution and statutes cited, but deny those statutes were violated. Defendants admit venue in this court is appropriate under the facts alleged, but deny those statutes were violated.

## FACTS

6. Defendants deny that Plaintiff was "illegally" terminated on June 4, 1999. Defendants admit the remainder of the allegations of Paragraph 6.

7. Defendants are unable to admit or deny whether other "non-Anglo officers' traffic tickets books were .... taken away," and deny the balance of Paragraph 7.

8. Defendants deny the allegations of Paragraph 8 in its entirety.

9. Defendants admit that the official shift for the university police department is from 8:00 a.m. to 4:00 p.m. and that after Plaintiff violated that policy, Defendant Bazan made the remark

described herein. Defendants deny the remainder of the allegations of Paragraph 9.

10. Defendants admit that on one occasion Plaintiff requested leave too far in advance, and that its denial was submitted to Defendant Garcia, but deny the remainder of the allegations of Paragraph 10.

11. Defendants admit that officers were not required to show up for work on a day that they had jury duty, and are unable to admit or deny the remaining allegations of Paragraph 11 until Plaintiff can establish a date or dates for these alleged occurrences.

12. Defendants cannot admit or deny that Plaintiff was continually harassed by Sargent Quinones since no specific examples of his actions are stated in Paragraph 12. Defendants admit the remainder of Paragraph 12.

13. Defendants admit that patrol officers go off campus in patrol units and that there is not written policy on this issue. Defendants deny the remaining allegations of Paragraph 13.

14. Defendants deny the allegations of Paragraph 14.

15. Defendants admit that Plaintiff's radio was important and necessary for safety purposes and the proper execution of his job. Defendants deny the remaining allegations of Paragraph 15.

16. Defendants deny the allegations of Paragraph 16.

17. Defendants deny the allegations of Paragraph 17.

18. Defendants can neither admit nor deny the allegations of Paragraph 18.

19. Defendants admit that in 1998, Sargent Franco was promoted, but deny the remainder of the allegations of Paragraph 19.

20. Defendants admit that Plaintiff was told he would be sent to fire arms instructor school, but deny the remaining allegations of Paragraph 20.

21. Defendants admit that Sargent Longoria and Sargent Bazan were on the promotion board. Defendants deny the remaining allegations of Paragraph 21.

22. Defendants admit there was no promotions board prior to 1998; promotions were made by the chief and that no standards or procedure were given within the Department prior to the establishment of the promotion board. Defendants deny the remaining allegations of Paragraph 22.

23. Defendants admit the allegations of Paragraph 23.

24. Defendants can neither admit nor deny the allegations of Paragraph 24.

25. Defendants admit the allegations of Paragraph 25.

26. Defendants admit Plaintiff was injured on the job, but deny that the remaining allegations of Paragraph 26.

27. Defendants admit Defendant Garcia discussed with Plaintiff his conversation with Mr. Hartsfield, but deny the remaining allegations in Paragraph 27.

28. Defendants deny the allegations of Paragraph 28, as written, but admit that on certain occasions where Plaintiff's untruthfulness was established Defendant Garcia did in fact call Plaintiff a "liar."

29. Defendants deny the allegations of Paragraph 29.

30. Defendants can neither admit nor deny the allegations of Paragraph 30.

31. Defendants can neither admit nor deny the allegations of Paragraph 31.

32. Defendants can neither admit nor deny the allegations of Paragraph 32.

33. Defendants can neither admit or deny the allegations of Paragraph 33.

34. Defendants deny the allegations of Paragraph 34.

35. Defendants deny the allegations of Paragraph 35.

36. Defendants deny the allegations of Paragraph 36.

37. Defendants deny that "all" of Plaintiff's tickets in 1999 were dismissed by Chief Garcia. Defendants can neither admit nor deny the remaining allegations of Paragraph 37.

38. Defendants deny that the persons promoted in 1998 and 1999 had less time than Plaintiff, and admit the remaining allegations of Paragraph 38.

39. Defendants deny the allegations of Paragraph 39.

40. Defendants admit that Plaintiff was written up and received an official reprimand on April 24, 1999 for illegal search and seizure and non-marking of property items. Defendants deny Chief Garcia called Plaintiff "liar" on this occasion. Defendants are unable to admit nor deny the remaining allegations of Paragraph 40.

41. Defendants admit that on May 5, 1999 Plaintiff was written up for insubordination and was placed on a probationary period. Defendants also admit that Plaintiff's responses were not placed in his personnel file. Defendants admit that at a later date they did receive memos dated May 4, 1999 and May 11, 1999, but deny the remaining allegations of Paragraph 41.

42. Defendants deny the allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

44. Defendants can neither admit nor deny the allegations of Paragraph 44.

45. Defendants deny Sargent Bazan allowed Hispanic dispatchers to leave even though they came in late, but admit that everyone, including Plaintiff, was told not to come to work if they were late.

46. Defendants admit that Plaintiff was terminated on June 4, 1999 for violating his probation

and by leaving the front office on May 16, 1999. Defendants admit Sargent Bazan left the building when he was the only person on duty and was not terminated. Defendants deny the remaining allegations of Paragraph 46.

47.  Defendants can neither admit or deny the allegations of Paragraph 47.

48.  Defendants deny the allegations of Paragraph 48.

49.  Defendants deny the allegations of Paragraph 49.

50.  Defendants can neither admit or deny that in October 1999 Plaintiff became aware of his termination papers through his attorney. Defendants deny that the papers stated that he was "prohibited from access to university property." Defendants admit that Texas A&M University-Kingsville is a public university. Defendants deny the remaining allegations of Paragraph 50.

## CLAIMS

### Violation of 42 U.S.C. §1983

51.  Defendants incorporate by reference the responses contained in Paragraphs 1 through 50.

52.  Defendants deny that any of their actions violated Plaintiff's fundamental rights and privileges as guaranteed by 42 U.S.C. §1983, Title VII, or the First and Fourteenth Amendments to the United States Constitution.

### Discrimination in Violation of Title VII

53.  Defendants incorporate by reference the responses contained in Paragraphs 1 through 50.

54.  Defendants deny that any of their actions violated Plaintiff's federally protected rights.

55.  Defendants deny that any of their actions were illegal acts. Defendants deny that Plaintiff is entitled to any relief prayed for.

### Discrimination in Violation of Texas Commission on Human Rights Act

56. Defendants incorporate by reference the responses contained in Paragraphs 1 through 50.

57. Defendants deny that any of their actions violated the Texas Commission on Human Rights Act.

### Violation of Freedom of Speech Rights

58. Defendants incorporate by reference the responses contained in Paragraphs 1 through 50.

59. Defendants deny the allegations of Paragraph 59.

60. Defendants deny the allegations of Paragraph 60.

61. Defendants deny that any of their actions violated Plaintiff's right to freedom of speech authorized by the First Amendment to the United States Constitution and by Article I, Section 8 of the Texas Constitution.

62. Defendants deny that Plaintiff is entitled to any relief prayed for.

### Violations of Plaintiff's Rights to Due Process of Law, Due Course of Law, and to Petition for Redress of Grievances

63. Defendants incorporate by reference the responses contained in Paragraphs 1 through 50.

64. Defendants deny the allegations of Paragraph 64.

65. Defendants deny the allegations of Paragraph 65

### Jury Trial Requested

66. Defendants acknowledge Plaintiff's request for a jury trial.

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

67. Defendants had legitimate, non-discriminatory reasons for all the actions Plaintiff contends

were unlawful.

68. Defendants would have taken the very same action regardless of Plaintiff's race.

69. Defendants acted out of business necessity.

70. Defendants assert the statute of limitations to the extent that they are applicable.

71. There was good cause for all actions taken.

72. Any actions taken by Defendants were based upon reasonable factors regardless of the race of the Plaintiff.

73. Defendants assert Plaintiff failed to mitigate his damages.

74. Defendants assert the right to raise additional defenses that become apparent throughout the factual development of this case.

## COUNTERCLAIM

75. The Defendants, Texas A&M University - Kingsville, Humberto Garcia, and Robert Bazan, as "Counter Plaintiffs" seeks their reasonable attorney fees and costs pursuant to 42 U.S.C. §1988 against Joseph K. Connor, as "Counter Defendant."

## PRAYER

WHEREFORE, Defendants pray that Plaintiff take nothing by reason of this suit, and that all costs and reasonable attorney fees be taxed and adjudged against the Plaintiff. The Defendants further prays for such other and further relief, to which this Defendants may show itself justly entitled.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

LINDA S. EADS
Deputy Attorney General for Litigation

TONI HUNTER, Chief
General Litigation Division

*[signature]*

WILLIAM T. DEANE
Assistant Attorney General
Texas Bar No. 05692500
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent by U.S. Mail, certified mail, return receipt requested on April 28, 2000 to:

Gay E. Gilson
Law Office of Gay E. Gilson
4600 Ocean Drive, Suite 104D
Corpus Christi, Texas 78412

*[signature]*

WILLIAM T. DEANE
Assistant Attorney General