IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH K. CONNOR, § | | |
| *Plaintiff,* § | | |
| § | | |
| V. § | | |
| § | CIVIL ACTION NO. C-00-69 | |
| TEXAS A&M UNIVERSITY-KINGSVILLE, § | | |
| HUMBERTO GARCIA, Individually and in § | **JURY TRIAL REQUESTED** | |
| his Official Capacity; and ROBERT BAZAN, § | | |
| Individually and in his Official Capacity, § | | |
| *Defendants.* § | | |

United States District Court
Southern District of Texas
FILED

AUG - 3 2000

Michael N. Milby, Clerk

## DEFENDANTS' DESIGNATION OF EXPERT WITNESSES

Pursuant to the Scheduling Ordered entered by the Court in this matter, Defendants provide the following designation of its expert witnesses in compliance with Federal Rule of Civil Procedure 26(a)(2)(B).

**Sergeant Robert Bazan**
**M.C. 126**
**700 University Blvd.**
**Kingsville, Texas 78363**
**(361) 593-2611**

Sergeant Bazan was a member of the 1998 and 1999 selection board. Sergeant Bazan has knowledge of Plaintiff's job performance and the reasons Plaintiff was not selected for a promotion. Sergeant Bazan will also testify about the responsibilities required of a sergeant.

In appraising the candidates for the position available in 1998, the selection board reviewed each applicant's past performance record, his or her response to questions at each interview and the applicant's supervisory skills and/or potential based on past performance. The selection board measured various supervisory skills required by a sergeant. These included professional demeanor, interpersonal skills, independence, trustworthiness and professional judgment. Scores for each criterion was averaged by each rater into an overall evaluation score and the overall evaluation scores from each rater were then averaged for a composite evaluation score. During the 1998 selection process, Plaintiff scored the lowest of the five candidates. The patrol officer with the highest composite score received the promotion.

20.

During the course of the interview, the selection board asked each applicant the same questions which raised hypothetical case scenarios that required the applicant to demonstrate how he would handle a situation. In answering the interview questions, it did not appear to the selection board that Plaintiff would be able to act decisively and independently.

Also of concern were the numerous reprimands and notices of deficient performance issued to the Plaintiff. The candidate who was selected in 1998 had an exemplary work record, good interpersonal skills and was able to perform independent of supervisory intervention.

In appraising the candidates for the position available in 1999, the selection board noted that Plaintiff's responses to interview questions did not reflect that he could act decisively. Although he had been given a copy of the interview questions to read and then respond, Plaintiff seemed to have trouble responding to the questions. Board members had to rephrase questions and prompt him before he could respond. Plaintiff had received yet another letter of reprimand. During the 1999 selection process, Plaintiff scored the lowest of the four candidates. The patrol officer with the highest composite score received the promotion. Like the candidate selected in 1998, the candidate who was selected in 1998 had an exemplary work record, good interpersonal skills and was able to perform independent of supervisory intervention.

Sergeant Bazan will rely upon documents from Plaintiff's personnel files, guidelines used in the Defendant's promotion of employees and documents pertaining to the selection of candidates whose promotions Plaintiff contests.

**Lieutenant Jefferson - Currently Interim Chief of Police at A&M Kingsville**
**c/o Defense Counsel**
**Attorney General of Texas**
**Austin, Texas**

Chief Jefferson is employed by the Texas A&M - Kingsville University Police Department. Chief Jefferson has knowledge of Plaintiff's job performance and the reasons Plaintiff was not selected for a promotion in 1998. Chief Jefferson will also testify about the responsibilities required of a sergeant.

As a member of the 1998 selection board, Chief Jefferson noted that Plaintiff's responses to interview questions did not reflect that he could act decisively. Although he had been given a copy of the interview questions to read and then respond, Plaintiff seemed to have trouble responding to the questions. Board members had to rephrase questions and prompt him before he could respond. Plaintiff had received yet another letter of reprimand. During the 1999 selection process, Plaintiff scored the lowest of the four candidates. The patrol officer with the highest composite score received the promotion.

Chief Jefferson will rely upon documents already in Plaintiff's possession. In particular, these include the Plaintiff's personnel file, promotion guidelines, documents pertaining to candidates interviewed for the positions Plaintiff sought, Plaintiff's charge of discrimination and the Defendant's response to the charge.

**Jimmy Harsfield, Director Human Resources**
**Texas A&M University - Kingsville**
**c/o Defense Counsel**
**Attorney General of Texas**
**Austin, Texas**

Mr. Harsfield is employed by the Texas A&M - Kingsville University as the Director of Human Resources. Mr. Harsfield will testify as to policies and procedures regarding hiring, discrimination and the University's police department's policies and procedures. Mr. Harsfield will testify that a seniority system is not a factor for promotion with Defendant. Mr. Harsfield will testify as to the various reprimands received by Plaintiff during his employment and that Plaintiff's termination was job-related based on his misconduct.

Mr. Harsfield will rely upon documents already in Plaintiff's possession. In particular, these include the Plaintiff's personnel file, promotion guidelines, documents pertaining to candidates interviewed for the positions Plaintiff sought, Plaintiff's charge of discrimination and the Defendant's response to the charge.

**William T. Deane**
**Assistant Attorney General**
**Austin, Texas**

Mr. Deane is the Assistant Attorney General representing the Defendants in this matter. He will testify about attorney's fees and costs incurred in defending this matter and in bringing a counter-claim against Plaintiff. Mr. Deane has been licensed to practice law in the State of Texas since 1976 and has appeared before numerous courts in Texas. Mr. Deane is familiar with reasonable attorneys fees charged in Texas for such legal services and, in particular, in civil rights litigation.

On behalf of the Defendants, Mr. Deane has performed or anticipates performing various legal services including but not limited to: (1) conferring with persons having knowledge of relevant facts about this matter; (2) preparing pleadings and reviewing and analyzing pleadings; (3) preparing and filing discovery to the plaintiff and responses to Plaintiff's discovery; (4) preparing Defendants' initial disclosure; (5) preparing for and taking depositions of the parties and other witnesses; and, (6) appearing at hearings.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

LINDA S. EADS
Deputy Attorney General for Litigation

TONI HUNTER, Chief
General Litigation Division

_____
WILLIAM T. DEANE
Assistant Attorney General
Texas Bar No. 05692500
Southern District No. 3775
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent by U.S. Mail, certified mail, return receipt requested on August 1, 2000.

Gay E. Gilson
Law Office of Gay E. Gilson
4600 Ocean Drive, Suite 104D
Corpus Christi, Texas 78412

_____
WILLIAM T. DEANE
Assistant Attorney General