IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 5 2000

Michael N. Milby, Clerk

| | |
|---|---|
| JOSEPH K. CONNOR, § | |
| *Plaintiff*, § | |
| § | |
| V. § | |
| § | CIVIL ACTION NO. C-00-069 |
| TEXAS A&M UNIVERSITY-KINGSVILLE, § | |
| HUMBERTO GARCIA, Individually and in § | |
| his Official Capacity; and ROBERT BAZAN, § | |
| Individually and in his Official Capacity, § | |
| *Defendants*. § | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE B. JANICE ELLINGTON:

TEXAS A & M UNIVERSITY-KINGSVILLE, HUMBERTO GARCIA, and ROBERT BAZAN, Defendants, reply to Plaintiff's response to their motion for summary judgment pursuant to Rule 56(b), Fed.R.Civ.P., and for cause, would show this Court as follows:

### I.
### LACK OF CONTESTED ISSUES

Defendants filed their motion for summary judgment alleging various immunities and affirmative defenses to Plaintiff's lawsuit, and on November 27, 2000, Plaintiff filed his "Plaintiff's Response to Defendant's Motion For Summary Judgment". In "Plaintiff's Response", he failed to join issue nor contest (1) Defendant's Eleventh Amendment immunity

1

defenses[1], (2) Defendants' Fourteenth Amendment lack of property interest defenses[2], and (3) the lack of damage claims for State torts[3]. As a result, all of the summary judgment claims embraced by Article III, subparts A., E., and F. of Defendants' Motion for Summary Judgment should be granted by this Court as a matter of law under Rule 56, Federal Rules of Civil Procedure since they are unopposed by Plaintiff.

As to the remaining issues, as shown below, Plaintiff has produced no evidence or insufficient evidence to raise any fact issue, and they should likewise be granted as a summary judgment as a matter of law. For example, on the central issue of Plaintiff's case-in-chief concerning whether or not the two reprimands which led to his termination were proper, Plaintiff's Exhibit 1 to his Response consists of his Affidavit, and at pages 7 and 8 he addresses the facts of these two reprimands with vague generalities[4] and without any specific factual denials. He asks this Court to speculate whether or not that he can show a factual dispute, and

---

[1] See Article III, A, of Defendants' Motion for Summary Judgment and Plaintiff's Response beginning at page 29, ¶ 86 et al. Where Plaintiff begins his response only on the issue of qualified immunity of the Defendants BAZAN and GARCIA in their individual capacities.

[2] See Article III, E, of Defendants' Motion for Summary Judgment.

[3] See Article III, F, of Defendants' Motion for Summary Judgment.

[4] See Plaintiff's Exhibit 1, Affidavit of Joseph Connor at page 7 where the illegal seizure incident is reported and Plaintiff's response does not deny the facts of it–rather he brings up irrelevant matters about the criminal report on drug evidence (which relates solely to the pipe that was also seized as drug paraphernalia ((see Plaintiff's Exhibit 2, deposition of CONNOR at page 115, lines 1-20; and has nothing whatsoever to do with the car stereo he illegally seized, Plaintiff's Exhibit 2, *id*)); and page 8 regarding the allegation that he violated his probation by failing to appear in the front office for the second half of his shift to answer 911 emergency calls where he says only "I neither violated my probation nor left the front office." Again, he gives no factual details that suggest he ever *went to the front office as previously agreed to, in the first place.*

2

therefore fails to offer any evidence to avoid an adverse summary judgment.

## II.
## OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

A. Defendants object to Exhibit 1, Affidavit of Joseph K. Connor, beginning in the first full paragraph of page 2 through the conclusion of said Affidavit at page 10, for the reasons that the same is conclusory, fails to show the source of any purported factual statements therein, does not show how Plaintiff would have personal knowledge thereof, fails to show that the Plaintiff is competent to testify to the purported facts therein, and for the reason that such "fact" would not be admissible in evidence.

B. Defendants object to Exhibits 12-18 and Exhibit 11, Affidavit of Gay Gilson, to the extent that it purports to sponsor a number of exhibits from no clear source, viz., Exhibits 12 --18 attached to Plaintiff's Response. That is, there is no indication of the trustworthiness or source of any of these documents, Exhibits 12-18. They are not identified by Bates number, deposition number, or with any clear markings of origin, and contain hearsay. Moreover, the affiant in Exhibit 11 cannot testify to the authenticity of these Exhibits 12-18, since she neither received nor transmitted these documents in any capacity at the time they were written, nor is she identified as a record custodian, nor any other capacity, other than as attorney for Plaintiff.

C. Defendants object to Exhibits 12, 16, and 18 since they are all unsigned documents purportedly generated by Plaintiff, but with no indication of their trustworthiness, or that they were in fact transmitted to their intended recipients. They are self-serving and

3

contain hearsay statements.

## III.

## ARGUMENT AND AUTHORITIES

A. **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DID NOT CONTEST THE ARTICLE III (A)[5], CONTENTION THAT THE ELEVENTH AMENDMENT BARS ALL OF PLAINTIFF'S CLAIMS UNDER §1983, TITLE VII (DISPARATE TREATMENT AND RETALIATION), FOURTEENTH AMENDMENT DUE PROCESS, FIRST AMENDMENT FREE SPEECH RETALIATION, AND ALL STATE LAW CLAIMS.**

1. <u>**Defendant TAMUK and individual Defendants in their "official capacity":**</u>

Defendants' Motion for Summary Judgment pled that issues concerning Plaintiff's two reprimands, and his ultimate termination being the result of TAMUK'S [6] and the individual Defendant GARCIA's and Defendant BAZAN's violation of §1983, Title VII, Fourteenth Amendment Due Process, First Amendment Free Speech, and various State law claims[7] were barred by the Eleventh Amendment to the United States Constitution[8]. Plaintiff's Response to

---

[5] SEE Article III, A, Defendants' Motion for summary Judgment.

[6] TAMUK and the individual defendants are not distinguished in any causes of action of Plaintiff's Original Complaint.

[7] The State law claims include alleged violations of the Texas Commission On Human Rights Act for discrimination, free speech under Article I, Section 8 of the Texas Constitution, and due course of law under the Texas Constitution.

[8] See Article III, A, Defendants' Motion for Summary Judgment.

4

Defendants' Motion for Summary Judgment[9] does not specifically address any of these Eleventh Amendment sovereign immunity arguments raised by Defendants, and thus summary judgment should be granted defendants on all claims described herein in accordance with Rule 56(c), Federal Rules of Civil Procedure.

As stated in the original summary judgment motion, the Eleventh Amendment to the U.S. Constitution bars a damages action in federal court against a State, or in this case, an agency of the State. *Kentucky v. Graham* 473 U.S. 159, 169, 105 S.Ct. 3099, (1985). The bar remains in effect when State officials are sued for damages in their "official capacity". *Graham, id; Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, (1974). "A judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Graham, id* at 169.

Plaintiff sued Defendant GARCIA and Defendant BAZAN in their "Official" capacity[10], and therefore those claims are barred by the Eleventh Amendment and should be dismissed by this Court. *Will v. Michigan Dept. of Police, 91 U.S. 58, 70-71, 109 S.Ct. 2304, (1989)*[11].

As to Plaintiff's State law claims under the Texas Commission on Human Rights Act, Chapter 21 of the Texas Labor Code there is no waiver of Eleventh Amendment immunity in the federal courts because a State can only waive Eleventh Amendment immunity by expressly specifying its intent to be sued in federal courts, *Atascadero State hospital v. Scanlon,* 473 U.S.

---

[9]Hereinafter referred to as "Plaintiff's Response".

[10]The style of this case indicates "official capacity" of the individual Defendants.

[11]Although injunctive relief would not be barred by the Eleventh Amendment–in the instant case, Plaintiff failed to name any individual Defendants who could be enjoined to reinstate Plaintiff. See Exhibits 1, 2, and 3 Affidavits, which show that Defendant Garcia is no longer employed by TAMUK, and Defendant Bazan does not have the authority to hire, or even recommend the hiring or reinstatement of Plaintiff.

234, 241, 105 S.Ct. 3142, 3146 (1985). Since Plaintiff does not oppose summary judgment on Eleventh Amendment grounds, summary judgment should therefore be granted on all claims under the Defendants' Eleventh Amendment immunity from being sued in *federal* court.

### 2. Defendant GARCIA and Defendant BAZAN entitled to qualified immunity.

Plaintiff's Response fails to distinguish which of the claims in Paragraphs 51-65 of the Complaint would apply to the individual Defendants GARCIA and BAZAN. These Defendants are entitled to the qualified immunity defense to all of Plaintiff's constitutional claims because they were acting "(1) in the course and scope of their governmental duties; (2) pursuant to clearly established law; and (3) in good faith." *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727 (1982). Plaintiff has contended that he was treated differently than Hispanic officers in the conditions of his employment, which resulted in at least two reprimands, and ultimately his termination from TAMUK. The two reprimands include (1) the April 24, 1999 reprimand for his "illegal search and seizure of property" described in Paragraph 40 of the Complaint; and (2) the reprimand for his actions on failing to move from the back office to the front desk to receive "911" emergency calls, described in Paragraph 46 of his Complaint. Although given an opportunity to explain his actions and to possibly create a fact issue to defeat Defendants' Motion for Summary Judgment, Plaintiff elected instead to take the same course of action he took at the time of those events[12]–and make no response. In his Exhibit 1 Affidavit of Joseph

---

[12]See Plaintiff's Exhibit 5, consisting of Deposition Exhibits: Officer's Report of 5-24-99 by Lt. Sandra Jefferson "he (Plaintiff) still did not respond" and "Officer Connor did not say anything more..." (Bates 647).

6

Connor, at page 7, Plaintiff CONNOR addresses his first reprimand for the "illegal search and seizure of property and non-marking of property items" of April 24, 1999 by saying only "I contacted the district Attorney *about the report. The District Attorney said the report was fine.* I alluded to this in my response to the reprimand.", Plaintiff's Exhibit 1 to Plaintiff's Response, at page 7, (emphasis supplied). What Plaintiff did not say was that he did not commit an "illegal search and seizure of property" or that he did not fail to mark "property items". At the time of this incident, there were three things seized by Plaintiff, viz., a pipe (which was drug paraphernalia), ammunition, and a car stereo. Plaintiff CONNOR was reprimanded for the car stereo, which he admitted at the time was not marked with any identification to show that it was TAMUK's property and therefore stolen, nor did it appear on any stolen property list-instead, Plaintiff CONNOR simply confiscated this stereo based on the "belief" it might be stolen property[13]. Instead of addressing the charge of illegal seizure of the car stereo, he responds about the report he wrote of the incident involving other items in the room, i.e. the pipe which was drug paraphernalia.[14]

Plaintiff's Response also contains in this Exhibit 1 Affidavit a failure to create a fact issue for the second reprimand and ultimate cause for his termination, viz., the charge that he failed to attend to the front desk and answer 911 calls while on duty (at a time where no dispatcher was present).His entire defense to this issue is found at page 8 of his Affidavit, where he states "I was

---

[13]See Plaintiff's Exhibit 2, deposition of JOSEPH CONNOR at page 115, lines 1-20.

[14]Here, Plaintiff is attempting to confuse the seizure of personal property car stereo from the student's room with the drug paraphernalia pipe originally confiscated and which would appropriately be the subject of the District Attorney's report. The pipe was not the subject of the "seizure of property" and thus irrelevant. See Plaintiff's Exhibit 18 for same argument.

7

allegedly terminated on June 4, 1999 for violating my probation and by leaving the front office on May 16, 1999. I neither violated my probation nor left the front office"[15] Thus his conclusory statements are given without any facts to support the same. In effect, Plaintiff failed to join issue on either of his two reprimands, and therefore his termination was fully justified based on these reprimands alone. Moreover, without joining issue on the cause for his termination, Plaintiff is unable to show that the individual Defendants GARCIA and BAZAN acted outside the scope of their authority in terminating Plaintiff, or that they engaged in any acts of discrimination as alleged in ¶ 89–92 of Plaintiff's Response.

At ¶ 93 of Plaintiff's Response, Plaintiff argues that Defendant GARCIA had authority to hire and fire. He does not oppose Defendant BAZAN's contention that as a sergeant, he did not have authority to hire and fire other employees. As to GARCIA, Plaintiff asserts that Chief GARCIA had such authority based on his deposition testimony where he asked generic questions about hiring and firing. However, a review of pages 66, Lines 19-25; and page 67, lines 1-3 of GARCIA's deposition goes to the specific question of who had authority to terminate Plaintiff CONNOR, and Defendant GARCIA testified he did not know who decided to terminate Plaintiff, that he, GARCIA only made a "request on what I intended to do", and that it was submitted "in the channels" for approval.[16] Yet, in all of the various policies and procedures of Defendant

---

[15] The argument he never "left the front office" is disingenuous because Plaintiff is actually arguing that since he never actually *left the back office to report to the front office* as originally agreed to with Officer Everett for the second half of their shift, therefore he was never *in the front office and could not have "left" the front office.* This argument is worthy of a fiction writer, but has no place in this Court of law.

[16] See Plaintiff's Exhibit 3, deposition of HUMBERTO GARCIA.

8

TAMUK attached to Plaintiff's summary judgment evidence as Exhibits 5 and 8[17], Plaintiff is unable to establish any documentation for his theory that former Chief GARCIA had authority to terminate Plaintiff CONNOR, since that authority rests solely with the Vice President of Finance and Administration at TAMUK[18]. Therefore, Plaintiff's claims against Defendant GARCIA and Defendant BAZAN should be dismissed since they have qualified immunity to all claims asserted by Plaintiff herein.

B.  **PLAINTIFF'S CLAIMS FOR TITLE VII RACIAL DISCRIMINATION BASED ON DISPARATE TREATMENT FAIL BECAUSE PLAINTIFF FAILED TO ESTABLISH HIS *PRIMA FACIE* CASE OF RACIAL DISCRIMINATION AND PLAINTIFF CANNOT SHOW RACE WAS THE DETERMINATIVE FACTOR IN HIS REPRIMANDS AND TERMINATION.**

1.  **Plaintiff's failure to show *prima facie* case.**

Plaintiff has admitted that he is not aware of any policy, custom, or procedure of TAMUK that would permit any discrimination under Title VII[19]. In Plaintiff's Response, ¶95-

---

[17]See e.g. Plaintiff's Exhibit 5: Interrogatory 7 documents, "*University Police Department Rules and Regulations, April 1998*"; Plaintiff's Exhibit 8, *Texas A&M University-kingsville, Employee Handbook*".

[18]See Defendants' Motion for Summary Judgment Exhibits 2 and 3, Affidavits of ROBERT BAZAN, §3, and JIMMY HARTSFIELD, §3.

[19]See Exhibit 4, Deposition of Plaintiff, pages 158-160.

101, Plaintiff contends that he met the *McDonnell Douglass* test established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817 (1973), by showing that he was "qualified for the position of patrol officer" and because he was terminated.. That, of course, is an incorrect interpretation of the *McDonnell Douglas* test, since here, Defendants have articulated the reasons for his termination to be performance issues ( which were the subject of his reprimands for illegal seizure of property and failing to attend to the front desk to answer 911 calls). At this point, Plaintiff must show (in the absence of direct evidence of intentional discrimination) that the proffered reason (i.e. the reprimands) for the challenged decision was not the real reason and that unlawful discrimination was. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 507-508, 113 S.Ct. 2742 (1993).

In the instant case, Plaintiff's challenge of his reprimands and termination on racial or disparate treatment grounds is unsupported by any evidence. That is, as shown in the affidavits of HUMBERTO GARCIA and ROBERT BAZAN, Exhibits 1 and 2 of Defendants' Motion for Summary Judgment, respectively, there are legitimate business reasons for each of the actions taken by them and by TAMUK with respect to Plaintiff. Instead of setting out facts in a sworn Affidavit to the contrary, as pointed out above, Plaintiff fails to contradict any of the reasons advanced for his termination[20]

In Plaintiff's Response, ¶ 102, Plaintiff again alleges, without a single factual statement of support, that the reasons advanced for his reprimands were pretextual. He offers no new "facts" in his Exhibit 1 Affidavit, nor in any of the remaining exhibits to suggest that the reasons

---

[20]See Plaintiff's Exhibit 1, pages 7 and 8 for his rebuttal of the two reprimands.

10

for his reprimands and ultimate termination by TAMUK to be for any reason other than his violations of the rules and procedures.

### 2. Plaintiff lacks evidence to show race as determining factor.

Plaintiff can only survive this Motion for Summary Judgment by coming forward and producing evidence that "(1) creates a fact issue as to whether each of the employer's stated reasons for the challenged action was not what motivated the employer, and (2) creates a reasonable inference that the prohibited characteristic (e.g. race) was a determinative factor in the action of which the Plaintiff complains. *Grimes v. Texas Department of Mental Health,* 102 F.3d 137, 141 (5th Cir. 1996). That is, Plaintiff must present sufficient evidence to create a reasonable inference of discriminatory intent in order to avoid a summary judgment. *LaPierre v. Benson Nissan, Inc.* 86 F.3d 444, 450 (5th Cir. 1996). Yet, as shown in Plaintiff's Exhibit 1, Affidavit of Joseph Connor, he fails to contradict any of the facts regarding his reprimands for illegal seizure of property or for failing to attend the front desk and answer 911 calls[21].

As a result, this Court should find that Plaintiff failed to meet his burdens under the *McDonnell Douglass* burden-shifting analysis of Title VII claims, and grant Defendants' Motion for Summary Judgment.

### C. PLAINTIFF'S CLAIMS FOR TITLE VII RETALIATION SHOULD BE DENIED BECAUSE HE CANNOT SHOW A CAUSAL CONNECTION BETWEEN HIS TERMINATION AND THE FILING OF HIS EEOC CHARGES.

---

[21]See Footnote 4, *supra*.

11

In ¶ 105 and ¶ 106 of Plaintiff's response, he argues that his retaliation claims are proved by his contacts with Lt. Jefferson in September 1998 and a letter to Steven Crandell, Vice-President of Finance and Administration during that same month. He then notes "write-ups" in April and May 1999–some seven months later–and argues that these 1999 write-ups and his 1999 termination were evidence of retaliation. He offers no evidence or facts to support these claims[22], and leaves this Court to speculate as to any causal connection between his 1998 EEOC complaint, and events leading to his 1999 termination over seven months hence.

To make a retaliation claim, Plaintiff must show: "(1) he engaged in an activity protected under Title VII, (2) an adverse employment action occurred, and (3) there was a causal connection between the protected activity and the adverse employment decision. *Herrod v. American Airlines, Inc.*, 132 F.3d 1112 n.8 (5th Cir. 1998). Of all the allegations above, the only "protected activities" would be filing the EEOC charges in 1998, which Plaintiff alleges that he notified Defendants of in September/October 1998[23]. Yet the reprimands Plaintiff complains about occurred in April and May of 1999[24], and therefore Plaintiff cannot establish any causal connection[25] between events separated by the passage of time, and offers no new summary

---

[22]See ¶ 105, Plaintiff's Response.

[23]See Paragraphs 32 and 33 of the Complaint.

[24]See Paragraphs 40 and 46 of the Complaint.

[25]Plaintiff may argue that his grievance (Paragraph 42 of the Complaint) was causally related–however, his grievance was not made until May 10, 1999, well after the April 24, 1999 reprimand for the illegal seizure of property, Paragraph 40 of the Complaint. Further, the events of May 16, 1999 (Paragraph 46 of the Complaint) were not shown to be related to the May 10, 1999 grievance filed with Mr. Hartsfield, since there is no allegation of his communication to Mr. Crandall, Vice president of Finance and Administration–especially where Plaintiff has "asked Mr. Hartsfield to keep his grievance confidential.", Paragraph 42 of the Complaint.

judgment evidence to create any fact issues.

### D. PLAINTIFF'S CLAIMS FOR FIRST AMENDMENT SPEECH RETALIATION SHOULD BE DENIED BECAUSE PLAINTIFF CANNOT SHOW THAT HIS SPEECH:

### (ii) INVOLVED MATTERS OF PUBLIC CONCERN; AND

### (ii) MOTIVATED HIS REPRIMANDS AND TERMINATION.

As set forth in Defendants' original motion for summary judgment, in order to prevail on a retaliation claim, Plaintiff must show that "(1) he suffered an adverse employment decision; (2) his speech addressed a matter of public concern; (3) his interest in commenting upon matters of public concern outweighed the employer's interest in promoting efficiency; and (4) his speech motivated the employer's actions." *Harris v. Victoria Independent School District,* 168 F.3d 216, 220 (5th Cir. 1999).

In Plaintiff's Response at ¶ 110, Plaintiff alleges that his speech involved "matter(s) of public concern" since he spoke of problems with another police officer drinking on the job, problems with police department radios, "campus safety issues" (still unidentified), and the police department's "lack of procedures" (still unidentified). As stated in defendants Motion for summary Judgment, however, all of these items were given as a police officer and not as a private citizen, and therefore cannot rise to the level of a public concern, *Harris, id* at 122.

When asked in his deposition what his free speech retaliation claims were, Plaintiff CONNOR failed to list any matters relating to his conversations with two assistant district

13

attorneys regarding a request by Sergeant Franco to "change" an accident report[26]. Yet in ¶ 110 of his Plaintiff's Response, he raises for the first time as a free-speech issue a "request made of Mr. Connor to change an official report". However, Plaintiff's deposition testimony does not bear him out. In fact, he admitted that he never told anyone at TAMUK or its police department about these meetings with the assistant district attorneys[27]. Plaintiff should not be allowed to use conflicting self-serving statements to defeat summary judgment, especially here, where he is unable to meet the test of showing that his speech was the "substantial or motivating factor " behind his termination. *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, (1976). There are no allegations that any adverse employment action described in the Complaint were "motivated" by any of Plaintiff's speech. In fact, there is an absence of any allegation that the ultimate decision-maker of TAMUK was even aware of any of these various work-related issues that defense that they would have reached the same result regarding the reprimands and termination even in the absence of any protected conduct. *Mt. Healthy, id* at 287. Thus, even if Defendants had bad motives, which they expressly deny[28], Plaintiff must prove that the adverse actions of reprimands and termination would not have occurred anyway, based on Plaintiff's own conduct. Since Plaintiff cannot show that the reprimands and termination were due to any alleged speech by him, he cannot establish this *Mt.*

---

[26] See Plaintiff's Exhibit 2, deposition of JOSEPH CONNOR, at page 143, line 17 through page 146, line 11 (Q. "Any other free speech examples?" A. "No, sir.")

[27] See Plaintiff's Exhibit 2, deposition of CONNOR, at page 43, lines 13-22 ("Did the school have knowledge that you went to see those two district attorneys?", "I do not believe so, no, sir").

[28] See Exhibits 1 (§4), and 2 (§4), Affidavits of Defendants GARCIA and BAZAN.

*Healthy* causation, and summary judgment should be granted to Defendants.

## CONCLUSION

For the foregoing reasons, Defendants request that this Court grant their Motion For Summary Judgment.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

TONI HUNTER, Chief
General Litigation Division

*/s/ William T. Deane*

WILLIAM T. DEANE
Assistant Attorney General
Texas Bar No. 05692500
Fed. Id No. 3775
Office of the Attorney General

15

        General Litigation Division
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 475-4264
        (512) 320-0667 FAX

        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been sent by U.S. Certified Mail, on December 14, 2000 to:

Ms. Gay E. Gilson
LAW OFFICE OF GAY E. GILSON
4600 Ocean Drive, Suite 104D
Corpus Christi, Texas 78412

        _____
        WILLIAM T. DEANE
        Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSEPH K. CONNOR, <br> *Plaintiff*, <br><br> V. <br><br> TEXAS A&M UNIVERSITY-KINGSVILLE, <br> HUMBERTO GARCIA, Individually and in <br> his Official Capacity; and ROBERT BAZAN, <br> Individually and in his Official Capacity, <br> *Defendants*. | § <br> § <br> § <br> § <br> § CIVIL ACTION NO. C-00-069 <br> § <br> § <br> § <br> § <br> § |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Came on this day for consideration Defendants' Motion for Summary Judgment and after consideration of the papers of this cause, and based on a review of the Motion and competent summary judgment evidence, the Court finds that the motion is meritorious. Therefore,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment is hereby **GRANTED** in all respects. **IT IS FURTHER ORDERED** that all of the Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**. All relief not specifically granted herein is denied.

SIGNED this the _____ day of December, 2000.

_____
HON. B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE