UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAR - 5 2001

MICHAEL N. MILBY  CLERK

| | | |
|---|---|---|
| JOSEPH K. CONNOR | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Civil Action No. C-00-69 |
| | § | |
| TEXAS A&M UNIVERSITY - KINGSVILLE; | § | **JURY TRIAL REQUESTED** |
| HUMBERTO GARCIA, Individually and in | § | |
| His Official Capacity; and ROBERT BAZAN, | § | |
| Individually and in His Official Capacity | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S TRIAL BRIEF IN SUPPORT OF A FIRST AMENDMENT RETALIATION CLAIM IN REGARD TO PLAINTIFF'S GOOD FAITH REPORTING OF DISCRIMINATION AT A PUBLIC AGENCY

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now comes Joseph K. Connor and files this Plaintiff's Trial Brief in Support of a First Amendment Retaliation Claim in Regard to Plaintiff's Good Faith Reporting of Discrimination at a Public Agency and respectfully states the following:

### I. PLAINTIFF ALLEGES SPEECH WHICH IS ABOUT A MATTER OF PUBLIC CONCERN

1.      Public employees do **not** surrender First Amendment rights by accepting public employment. *Connick v. Myers*, 461 U.S. 138 (1983); *Keyishian v. Board of Regents of University of the State of New York*, 385 U.S. 589 (1967) (public employer cannot compel a public employee to relinquish his First Amendment right as a condition of public employment).  Speech by public employees with respect to matters of public concern are protected by the First Amendment of the United States.  Protected speech **includes** a private complaint to a supervisor about discrimination

Plaintiff's Trial Brief Regarding First Amendment Retaliation — Page 1



CutePDF - www.faxtio.com

and a report of sexual harassment. See *Givhan vs. Western Line Consolidated School District*, 439 U.S. 410 (1979) (private complaint to supervisors concerning alleged racially discriminatory school policies is matter of public concern); *Saulpaul v. Monroe Community Hospital*, 4 F.3d 134 (CA2 1993) (protesting sexual harassment is protected); *Brawner v. City of Richardson, Texas*, 855 F.2d 187, 191-92 (5th Cir. 1988) (disclosure of misbehavior by public officials especially in the operation of a police department is a matter of public interest and deserves constitutional protection).

2.     In this regard, the Court is also respectfully asked to review the decision of the Fifth Circuit Court of Appeals, *Sharp v. City of Houston*, 164 F.3d 23 (1999), in which that court upheld a jury verdict in favor of police officer Patrice Sharp for violation of her First Amendment rights specifically when she complained about sexual harassment and was retaliated against by agents of the City of Houston.

## II. PLAINTIFF ALLEGES NUMEROUS FACTS TENDING TO SHOW THAT HIS SPEECH IN OPPOSITION TO DISCRIMINATION WAS A MOTIVATING FACTOR IN HIS DISCHARGE

3.     Plaintiff's Original Complaint was very clear in alleging facts showing that Plaintiff was retaliated against after he made a good faith report to his supervisors and the school's administrator's of discrimination within the University Police Department. Specifically, paragraphs 31- 34 of Plaintiff's Original Complaint state:

> 31.    In August 1998, Plaintiff requested information about the promotion board from Chief Garcia. However, Plaintiff never received this information.

> 32.    During the first of September 1998, Plaintiff told Lieutenant Jefferson, a black female, that he was going to speak with EEOC about discrimination against him. Lieutenant Jefferson told Plaintiff, "Do you want me to drive you."

33.    On October 1, 1998, Plaintiff went to the Corpus Christi Human Relations Office and met with an investigator regarding his claims of discrimination arising from his employment with Defendants. He provided a hand written complaint to the intake officers. Plaintiff's employers learned that Plaintiff had visited the "EEOC" office shortly after the promotion of Sargent Franco, which was September 1, 1998. Defendants also learned that Plaintiff had hired an attorney to assist him with his discrimination claims.

34.    Subsequent to Defendants' learning of Plaintiff's actions in protecting his state and federal rights, Defendants stepped up their retaliation toward Plaintiff.

3.    Other specific evidence which supports Plaintiff's contention that he was retaliated against for speaking out in opposition to discrimination within the University Police Department are as follows:

A.    August 27, 1998 Memorandum from Joseph Connor to Chief Humberto Garcia requesting information in follow-up to Mr. Connor's voicing his opinions about discrimination in promoting within the University Police Department. (Exhibit 1 - 08/27/98 Memorandum).

B.    Plaintiff Joseph Connor went to Steven Crandall, the Vice President for Finance and Administration, about the disparate treatment he was experiencing regarding leave. (Exhibit 2 - 11/2/98 Crandall Memorandum Regarding Leave). Plaintiff was merely directed to go back and speak with the persons that were treating him disparately based upon his race. ( Exhibit 2 - 11/2/98 Crandall Memorandum Regarding Leave). Non-Anglo officers given allowed one year of Friday-Saturday off. (Exhibit 1 to Plaintiff's Summary Judgment Response - Affidavit of Joseph K. Connor). Plaintiff Joseph Connor was only given nine months of Friday-Saturday off. (Exhibit 1 to Plaintiff's Summary Judgment Response - Affidavit of Joseph K. Connor).

C.    Plaintiff filed grievances stating his opposition to discrimination on May 10, 1999 and May 15, 1999. (Exhibit 3 - Grievance of 03/10/99; Exhibit 4 - Grievance of 05/15/99).

D.    Plaintiff filed his charge of discrimination on May 19, 1999. (Exhibit 5 - Charge of Discrimination; Exhibit 6 - Affidavit in Support of Charge of

Discrimination).

E.  On May 18, 1999 Gilda Medina, Director of the University's Women's Center wrote on Mr. Connor a memorandum informing Mr. Connor that she was in possession of his May 10, 1999 letter and that "I am taking your letter to mean that you are informing the university of your intent to file a complaint with the EEOC. (Exhibit 7 - 05/18/99 Memorandum).

F.  On May 24, 1999, Gilda Medina writes a memorandum to Mr. Connor stating that she has received his complaint dated May 15, 1999 and that she is returning it to him. (Exhibit 8 - 05/24/1999).

4.  The alleged precipitating event that Defendants are basing their termination of Mr. Connor on occurred on May 16, 1999.

5.  There is sufficient evidence to support a jury verdict for First Amendment retaliation based upon Plaintiff's good faith reporting of discrimination.

## SUMMARY

Plaintiff should be allowed to present a claim fo First Amendment retaliation based upon Plaintiff's good faith reporting of discrimination.

Respectfully submitted,

Law Office of Gay E. Gilson
4600 Ocean Drive, Suite 104D
Corpus Christi, Texas 78412
Telephone: (361) 814-0573
Facsimile: (361) 814-0674

By: _____
GAY E. GILSON
SBN 00784131/Fed.I.D. 16385
ATTORNEY FOR PLAINTIFF

Plaintiff's Trial Brief Regarding First Amendment Retaliation — Page 4

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was forwarded on March 5, 2001 by certified mail, return receipt requested to:

Jose Rangel                                                                    Via Hand Delivery
Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

                                                    Gay E. Gilson

# EXHIBIT 1

CVISPDF – www.fastio.com

August 27, 1998

TO:           Chief Humberto Garcia, Texas A&M University-Kingsville Police Dept.

In accordance to the Texas Open Meeting Acts, I am requesting the following information from the board and the department:
  All copies of testing from all persons that were scheduled for the board,
  All Sgt. notes and evaluations of each person

I am also requesting:
  the qualifications of the five persons
  service time at the University
  College credit
  Master Peace Officer Certificate
  Training (how much)
  supervisory experience at the university level only

I am also requesting the date and copy of when the department started a board on promotions.

Joseph K. Connor

# EXHIBIT 2

CVisPDF - www.fesiva.com



**TEXAS A&M**
**U N I V E R S I T Y**
**KINGSVILLE**

OFFICE OF THE VICE PRESIDENT FOR FINANCE & ADMINISTRATION

CAMPUS BOX 104 • KINGSVILLE, TEXAS 78363

PHONE 512/593-2410 • FAX 512/593-3218

## MEMORANDUM

To:    Joe Connor
       Patrol Officer

From:  Steven Crandall
       VP, Finance and Administration

Date:  November 2, 1998

I met with Chief Garcia earlier this week to discuss the issue that you brought to my attention regarding your scheduled days off.  Chief Garcia had copies of your time cards dating back to fall 1995 which of course, show your scheduled days off for the past three years.  There records show that you were off Fridays and Saturdays from September 1995 to May 1996.

In short, I was unable to determine that you were treated any differently than the other patrol officers working during that same time period.  I believe it is UPD departmental policy to rotate scheduled days off on a periodic basis, and to accommodate individual employee preferences *as long as it is practical to do so*.  Obviously, this is not always possible since most employees would prefer weekends off, and our first duty is to provide police and security protection for the campus 24 hours a day, seven days a week.

My recommendation is that you discuss your request with your scheduling supervisor.  If you still feel like a problem exists, additional action may be pursued through the appropriate chain of command, up to and including Chief Garcia.  I would be happy to discuss this with you again after you have completed this process.

xc: Bert Garcia, Chief

PLAINTIFF'S
EXHIBIT
69

# EXHIBIT 3

CVISPDF – www.fastio.com

TO:        JIMMY HARTSFIELD
                Director, Human Resources
                Texas A&M University-Kingsville

FROM:     Joseph K. Connor
                Patrolman, TAMUK Police Department

DATE:     May 10, 1999

Dear Sir:

This letter serves in filing an "Official Grievance", in reference to alleged discrimination that has occurred at the university. In addition to this grievance, I have also contacted the Human Relations Commission (EEOC). My contacting the EEOC is not meant to bypass the Grievance Committee at the university level. I am only hoping that by having an outside investigation, the burden will be lessened on the committee.

In accordance to the Complaint and Appeals Procedure, I feel that a solution to this problem cannot be reached at the supervisor level, so I must go to the next level. The EEOC will take the evidence, compile the findings, and be able to conclude where the problem exists. All this information will be given to the Grievance Committee at the university when it is available. The university will be contacted within 10 days by the EEOC of the pending action. I am requesting that I not be asked any questions at this time by the Grievance Committee; this will be done by the EEOC or my attorney. I appreciate your cooperation and assistance in this matter. If further problems or retaliatory action occurs, this will be brought to your attention immediately.

I feel the university employs many honest persons, and President Cisneros is doing a great job. The only blemish is that an injustice has occurred at the university, and I am requesting that this problem be eliminated on our campus.

Thank you for your time and attention to this matter.

CC: EEOC

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| | ☒ FEPA | 36B99210 |
| | ☐ EEOC | 36B990210 |

Corpus Christi Human Relations Commission _____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Joseph K. Connor | 1999 JUL 15 P 2: 18 (361) 854-8465 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 6034 Sweet Gum, Corpus Christi, TX 78415 | | 03/20/57 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below)*.

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Texas A&M University-Kingsville | 15 - 100 Employees | (361) 593-2611 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| P.O. Box 126, Kingsville, TX 78363 | | 273 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify)*

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| 08/26/98 | 04/01/99 |
| ☒ CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*:

I.   PERSONAL HARM:                    AMENDED CHARGE - June 4, 1999

On August 26, 1998, and April 1, 1999, I was bypassed for promotions while, two Hispanic officers with less time with the company and experience were selected.    On June 4, 1999, I was fired from my job.

II.  REASON FOR ADVERSE ACTION:

None given.   I was accused of dereliction of duty while on probation.

III. DISCRIMINATION STATEMENT:

I believe that I am being discriminated against because of my race/White in violation of Title VII of the Civil Rights Act of 1964, as amended.
    I believe that I have been retaliated against for filing a charge of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. *Joseph K. Connor 6/4/99*

PLAINTIFF'S EXHIBIT 118

RUTHIE L. CARAWAY
Notary Public
STATE OF TEXAS
My Comm. Exp. Sept. 23, 2000

| ☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. *Joseph K. Connor* 5/10/99 | SIGNATURE OF COMPLAINANT *Joseph K. Connor* |
| Date       Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) 10, 05, 99 *Ruthie L.* |

EEOC FORM 5 (Rev. 06/92)

# EXHIBIT 5

CMPDF – www.fadsa.com

STATE OF _____ **TEXAS** _____          CASE . _____ **Connor vs Texas A&M**

CITY/COUNTY OF **Corpus Christi/Nueces** _____          CASE NUMBER _____ **36B99210** _____

# AFFIDAVIT

I, **Joseph K. Connor** _____ being first duly sworn upon my oath affirm and hereby say:
<br>(Name)

I have been given assurances by an Agent of the U.S. Equal Employment Opportunity Commission that this Affidavit will be considered confidential by the United States Government and will not be disclosed as long as the case remains open unless it becomes necessary for the Government to produce the affidavit in a formal proceeding. Upon the closing of this case, the Affidavit may be subject to disclosure in accordance with Agency policy.

I am **42** years of age, my gender is **Male** _____ and my racial identity is ___ **White** _____ .
<br>(sex)                                              (race)

I reside at **6034 Sweet Gum** _____ ,
<br>(Number/Street)

City of **Corpus Christi** _____ , County of _____ **Nueces** _____ ,

State of _____ **TX** _____ , Zip Code __ **78415** _____ .

My telephone number is (including area code) _____ **(361) 854-8465** ____ .

My statement concerns ___ **Texas A&M University-Kingsville** _____ which is
<br>(Name of Union/Company/Agency)

located at **P.O. Box 126** _____ ,
<br>(Number/Street)

in _____ **Kingsville** _____ **TX** _____ **78363** _____ .
<br>(City)                    (State)           (Zip)

My job classification is (if applicable) **Patrolman** _____ .
<br>(job title)

My immediate supervisor is (if applicable) **Garcia, Chief** _____
<br>(Name)        AMENDED 6-4-99 (job title)

In or around August 1998, I applied for a promotional opportunity to a sargeant's position. I was interviewed by a panel consisting of three Hispanic officers. Prior to the recruitment for this position, the department had, to my knowledge, never used a panel while conducting interviews. The decision to select for the position was made by the three panel board members and Chief Garcia (H/M). Although, I had worked with the department for 6+ years, I was not selected for the job. The position was given to a Hispanic employee who had less experience and had only been with the agency for one (1) year.

In March 1999, another sargeant's position became available. I sent Chief Garcia a confidential letter informing him that I was interested in the job. Chief Garcia sent out a memo stating that all supervisors would be present on the board. I was not informed that I would be interviewed for the position until the day of my interview. I was pulled from a training class at approximately 10:00 a.m. and told that I would be interviewed at 12 noon that day. I asked if I could be interviewed at 5:00 p.m. in order to get through my training class and get my thoughts together. I was told that I would either interview at 12 noon or not at all. Once I arrived at the interview site, I immediately noticed that all supervisors were not present on the board. The only new face was Lt. Jefferson (B/F). Although I know that I

**PLAINTIFF'S EXHIBIT**
**119**

_____ Page 1 of **2**
<br>(initials)

STATE OF __TEXAS__                                    CASE no.: __Connor vs Texas A&M__

CITY/COUNTY OF __Corpus Christi/Nueces__              CASE NUMBER __36B99210__

## AFFIDAVIT (cont.)

interviewed very well for the job, I was not selected. Instead another Hispanic employee with less time with the department and less experience was chosen.

In or around late May 1997, Sgt. Bazan (H/M) one of the board members who was instrumental in selecting the Hispanic employees over me stated that as long as he was a supervisor at the university police, I would never make supervisor. Based on the recruitment and selection process that has been going on since August 1998, I believe that Sgt. Bazan is not alone in his efforts to keep me out of supervisory positions.

I believe that I am being discriminated against because of my race/White in violation of Title VII of the Civil Rights Act of 1964, as amended.

The following individuals have worked with me at the University. They have consented to be witnesses to the fact that they have seen me treated in a way that leads them to believe that I am being discriminated against.

1. Hector Ruiz (H/M) - 361-593-4311 (work #); 361-584-4422 (home #) Currently working for the Kingsville Police Dept.
2. Gilbert Gonzalez (H/M) - 361-595-8500 (work #) - Currently working for the Kleberg Sheriff's Dept.
3. Chris Florance (W/M) - 361-854-2100 (work #) - Currently working for Child Protective Service.
4. Sgt. Perez (H/M) - 361-593-2611 (work #); 361-592-2264 (home #) - A&M University Police Dept. Supervisor.
5. Molly Sanchez (H/F) - 361-593-2611 (work #); University Police employee - Off Sunday & Monday - Works 4:00 p.m. - 12:00 a.m.

On June 4, 1999, I was fired from my job. I was accused of leaving my post unattended. I was told that because I was still on probation I was being terminated. I believe the reason used to fire me was a pretext. I believe I was fired because I had filed an EEOC charge against the university in May 1999. I believe that I have been retaliated against for filing a charge in violation of Title VII of the Civil Rights Act of 1964, as amended. *J. K. Connor 6/4/99*

I have read and had an opportunity to correct this Affidavit consisting of __2__ handwritten ☐ typed ☑ pages and swear that these facts are true and correct to the best of my knowledge and belief.

Subscribed and sworn to before me

this __10__ day of __May 1999__ .

EEOC AFF-B (08/89)

# EXHIBIT 6

CVISPDF – www.fastio.com

Case 2:00-cv-00069   Document 42   Filed in TXSD on 03/05/2001   Page 17 of 21

## Texas A&M University-Kingsville
## Employee Complaint and Appeal Form
### Please route in order

Human Resources Officer (Please print): _____

Signature: _____    Date Received_____

Dean, Director or Department Head (Please print): _____

Signature: _____    Date Received_____

Vice President (Please print): _____

Signature: _____    Date Received_____

### Statement of Complaint:
Please state the details of your complaint, including the dates of occurrence.
Include how you wish the complaint resolved.  Attach pages if needed.

On August 26,1998, and April 1,1999 I was bypassed for promotions

while, two hispanic officers with less time with the company

and experience were selected.

I believe that I am being discriminated against because of my race/

White in violation of Title VII of the Civil Rights Act of 1964, as

amended.  The complaint can be resolved by promotion of me to

the rank of sargenant. If this grievance cannot be taken care of at

this level, then it will go to the next level until satisfactorily

is achieved.

_____

Joseph K. Connor                    _signature_              5/15/99
**Employee (Please Print)**          Signature                Date

PLAINTIFF'S
EXHIBIT
52

000358

# EXHIBIT 7

ClubPDFPlearesoTools.com



**TEXAS A&M**
UNIVERSITY
**KINGSVILLE**

WOMEN'S CENTER

MSC 135 • KINGSVILLE, TEXAS 78363-8202

PHONE 361/593-2166 • FAX 361/593-2345

Memorandum

To:        Joseph K. Connor
           Patrolman, TAMUK Police Department

From:      Dr. Gilda G. Medina
           Director, Women's Center
           AA/EEO

Re:        Your memo dated May 10

Date:      May 18, 1999

Mr. Jim Hartsfield forwarded me your letter to him dated May 10, since I am currently the EEO
officer.

I am taking your letter to mean that you are informing the university of your intent to file a
complaint with the EEOC.

Your letter suggests that the EEOC and/or your attorney will work with the Complaint and
Appeals Procedure to address your complaint.  I believe I need to clarify your understanding
regarding the filing of complaints.

When an individual files a complaint against the university with the EEOC, a committee does not
address the complaint.  The EEO officer conducts an investigation and formulates a position
statement.  All position statements are coordinated by the TAMUS Office of Community
Development.  It has been my experience that this process can take between 6 to 24 months
before the EEOC rules on the complaint.  When an individual files a lawsuit against the
university through an attorney, a committee does not answer the lawsuit.  The TAMUS Office of
General Counsel responds to the complaint.

An individual may elect to use the university's internal grievance procedures prior to contacting
the EEOC and/or an attorney.  The particulars of the complaint determine if Mr. Hartsfield's or
my office handle the investigation.

The wording of your letter suggests that you are not electing to use the university's internal
grievance procedure.  If I am wrong, please call my office immediately.  My extension is 2166.

Cc:        ✓Jim Hartsfield

000427

PLAINTIFF'S
EXHIBIT
139

# EXHIBIT 8

CVISPDF – www.fastio.com



**TEXAS A&M**
**U N I V E R S I T Y**
**KINGSVILLE**

WOMEN'S CENTER
MSC 135 • KINGSVILLE, TEXAS 78363-8202
PHONE 361/593-2166 • FAX 361/593-2345

---

*Memorandum*

To:        Joseph K. Connor

From:      Gilda G. Medina, Director, Women's Center

Date:      May 24, 1999

I have received your complaint dated May 15.

Upon review, I am returning it to you.

As your complaint currently reads, it rests on the argument that two Hispanic officers were selected for promotion who had "less time with the company and experience." Since the university does not have a seniority system, years of experience may not factor in an employee's promotion or even transfer to another department.

All complaints of discrimination must show reasonable cause. I am giving you 10 working days from the date of this letter to reconsider your complaint and re-submit it to this office.

If you have any questions, please feel free to call me at extension 2166. As my schedule can be very tight, please call my office to make an appointment if you need to speak with me personally.



PLAINTIFF'S EXHIBIT
72