United States District Court
Southern District of Texas
FILED

MAR 9 - 2001

MICHAEL N. MILBY, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH K. CONNOR,<br>     Plaintiff | § § § | |
| vs. | § | CIVIL ACTION NO. C-00-69 |
| TEXAS A&M UNIVERSITY-<br>KINGSVILLE et al. | § § § § | |

### COURT'S INSTRUCTIONS TO THE JURY

**MEMBERS OF THE JURY:**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of

52

the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case. The testimony of a single witness may be sufficient to prove any fact, even

2

if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A state university and public officials are entitled to the same fair trial at your hands as a private individual. All persons, including state universities and public officials, stand equal before the law, and are to be dealt with as equals in a court of justice.

The plaintiff claims that defendant Texas A & M University at Kingsville ("TAMUK") violated a section of Title VII law that prohibits retaliation against an employee for his having

opposed an unlawful employment practice. In order to prove a retaliation claim, plaintiff must establish by a preponderance of the evidence that:

1. He actively opposed or complained about a discriminatory employment practice;

2. Plaintiff's discharge followed; and

3. Plaintiff's opposition to the discriminatory employment practice caused his discharge.

The plaintiff need not prove that the employer's practices were actually unlawful, only that he reasonably believed the employer was engaged in unlawful employment practices. Whether or not there were other reasons for TAMUK's actions, Connor will prevail only by proving that "but for" his opposition to an unlawful employment practice he would not have been discharged. If you find that the plaintiff has established each element of his claim by a preponderance of the evidence, you must find defendant TAMUK is liable to the plaintiff.

The plaintiff has also brought a claim against defendant Humberto Garcia, alleging that while defendant Garcia was acting "under color of state law," he intentionally deprived the plaintiff of rights under the Constitution of the United States. The plaintiff claims that while defendant Garcia was acting under color of authority of the State of Texas, he intentionally violated the plaintiff's constitutional rights. The plaintiff claims that defendant Garcia discharged the plaintiff from employment because of the plaintiff's exercise of the right of free speech, depriving him of his rights secured by the First Amendment of the Constitution.

The First Amendment of the Constitution of the United States gives every citizen the right to freedom of speech, which includes the right to complain about discrimination in the workplace and issues of public safety.

4

A person may sue for an award of money damages against anyone who, "under color" of any State law or custom, intentionally violates the plaintiff's rights under the Constitution of the United States.

Thus, the plaintiff must prove by a preponderance of the evidence each of the following:

1. That the action of defendant Garcia was "under color" of the authority of the State of Texas;

2. That the plaintiff's speech activities were Constitutionally "protected" under the First Amendment;

3. That the plaintiff's exercise of protected First Amendment rights was a substantial or motivating factor in defendant Garcia's decision to discharge the plaintiff from employment;

4. That defendant Garcia's acts were the proximate or legal cause of the plaintiff's damages.

In this case the Parties have agreed that defendant Garcia acted "under color" of state law.

In determining whether defendant Garcia intentionally violated the plaintiff's First Amendment rights, you must remember that the plaintiff as a public employee has a right to practice freedom of speech only to the extent that it does not unduly interfere with the duties and responsibilities of the plaintiff's employment. In determining whether the plaintiff's speech activities in this case were protected activities under the First Amendment, you must balance the plaintiff's First Amendment interests against defendant Garcia's interests in promoting the efficiency of the public service it performs through its employees. Therefore, if you find under all the circumstances presented that a reasonable public employer could not have concluded that

5

the plaintiff's speech activities unduly interfered with the duties and responsibilities of the plaintiff's employment, you must find that the speech was protected First Amendment expression.

To prove that his speech activities were a substantial or motivating factor in defendant Garcia's decision, the plaintiff does not have to prove that those speech activities were the only reason defendant Garcia made the decision. The plaintiff need only prove that the speech activities were a substantial motivating factor that made a difference in or influenced defendant Garcia's decision.

The plaintiff must also prove by a preponderance of the evidence that the act of defendant Garcia was a cause-in-fact of the damage plaintiff suffered. An act is a cause-in-fact of an injury or damages if it appears from the evidence that the act played a substantial part in bringing about or actually causing the injury or damages. The plaintiff must also prove by a preponderance of the evidence that the act by defendant Garcia was a proximate cause of the damage plaintiff suffered. An act is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act.

If you find that the plaintiff has established each element of his claim, you must then decide whether defendant Garcia has shown by a preponderance of the evidence that he would have dismissed the plaintiff for other reasons even if plaintiff had not exercised his protected speech activity. If you find that defendant Garcia would have dismissed the plaintiff for reasons apart from the speech activity, then your verdict should be for defendant Garcia.

If you find that either defendant Garcia or defendant TAMUK is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. You should not interpret the fact that I have given instructions about the plaintiff's damages as an

indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether either or both of the defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that either or both the defendants are liable and that the plaintiff is entitled to recover money from either or both of the defendants.

The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered. Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury. If the plaintiff wins, he is entitled to compensatory damages for the lost wages and benefits, and mental anguish that he has suffered because of defendant Garcia's or defendant TAMUK's conduct.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize either defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

If you find for the plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date. If you find that the plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages. The only award requested in this case for future damages is for future mental anguish.

If you find that defendant Garcia is liable for the plaintiff's injuries, you must award the plaintiff the compensatory damages that he has proven. You also may award punitive damages, if the plaintiff has proved that defendant Garcia acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that defendant Garcia's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter defendant Garcia and others from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. However, the amount can be as large as you believe

necessary to fulfill the purposes of punitive damages. You may consider the financial resources of defendant Garcia in fixing the amount of punitive damages.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges–judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

9

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You should now listen to the closing arguments of counsel, and then you may retire to the jury room to conduct your deliberations.

ORDERED this 9 day of March, 2001.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

10