

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

May 17, 2001

United States District Court
Southern District of Texas
FILED

MAY 18 2001

MICHAEL N. MILBY CLERK

Ms. B. Janice Ellington
U.S. Magistrate
Southern District of Texas
Corpus Christi Division
1133 North Shoreline Blvd., Room 208
Corpus Christi, Texas 78401

Re: *Connor v. Texas A&M University-Kingsville, et al.*; Civil Action No. C-00-69
In the United States District Court Southern District of Texas Corpus Christi Division

Dear Judge Ellington:

    This letter is intended only to respond to the Court's request for additional briefing on the two issues raised in the post-trial hearing. Defendants continue to rely on their response to Plaintiff's Rule 59 Motion for New Trial and Motion to Amend Judgment for their position with regard to Plaintiff's motion.

    Initially the Court inquired whether the jury's answers were so inconsistent that a new trial was needed on all issues. Defendants believe the jury's answers were consistent with the instructions given and the evidence and no new trial is necessary. (See p. 3-10 of Defendants' Response). To the extent the Court believes there is inconsistency then Defendants assert a new trial would be necessary on the liability as well as damages issues.[1] Here, if there is any inconsistency, the liability issues are inextricably intertwined with the damages issues which would require a retrial on both. This standard was adopted by the Fifth Circuit in *Eximco v. Trane co.*, 748 F.2d 287, 290 (5th Cir. 1984) and also discussed by Wright & Miller in <u>Federal Practice and Procedure</u> § 2814, p. 150 (1995). See also, *Fugitt v. Jones,* 549 F.2d 1001 (5th Cir. 1977). In the instant case, the Court's Instructions combined liability with the affirmative defenses without a delineation from the damages instructions making it too mixed to separate. Allowing a retrial on damages only would deprive the Defendants of a fair trial.

    *Hadra v. Herman Blum Consulting Engineers*, 632 F.2d 1242 (5th Cir. 1980) stands for the proposition that "[a] new trial is required where there is no evidence supporting the jury's

---

[1] The issue submitted on First Amendment retaliation for reporting safety concerns (Question No. 2) should not be retried both because the jury found no liability or damages on the claim and because the Plaintiff has sought no relief on this claim..

POST OFFICE BOX 12548, AUSTIN, TEXAS 78711-2548 TEL: (512)463-2100 WEB: WWW.OAG.STATE.TX.US
*An Equal Employment Opportunity Employer · Printed on Recycled Paper*

Honorable B. Janice Ellington
May 17, 2001
Page 2

verdict." See pp. 1244-45. However a new trial is not required in the instant case because there is more than ample evidence to support the jury's conclusion that Joseph Connor would have been terminated anyway, which led to their decision to award no damages as a result. As argued by Defendants in their Response to Plaintiff Connor's Motion for New Trial, the trial court is required to reconcile the jury's verdict with the evidence admitted at the trial.

Alternatively, if the Court determines the verdict was clearly inconsistent, it must find the verdict compromised. A compromised verdict requires a new trial on all issues. *Farrar v. Cain*, 756 F.2d 1148 (5th Cir. 1985).

The Court also asked whether Plaintiff was entitled to nominal damages. For the reasons stated in their response Defendants believe the answer is "no." The jury answered the questions in a way to give meaning to the instructions, specifically those found on pages 4 & 6. The jury awarded no damages because they believed "the verdict" should have been for Defendant Garcia and because they did not believe Connor should "prevail" as defined in the instructions. There is, therefore, no basis disturb the jury's verdict on damages.

Sincerely,

JOSE M. RANGEL
Assistant Attorney General
General Litigation Division
Phone (512) 463-2120
Fax  (512) 320-0667

cc:   Ms. Gay E. Gilson
      Ms. Cherry Kay Wolf

POST OFFICE BOX 12548, AUSTIN, TEXAS 78711-2548 TEL: (512)463-2100 WEB: WWW.OAG.STATE.TX.US
An Equal Employment Opportunity Employer · Printed on Recycled Paper