United States District Court
Southern District of Texas
FILED

MAY 24 2001

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH K. CONNOR, | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. C-00-069 |
| TEXAS A&M UNIVERSITY-KINGSVILLE, | § | |
| HUMBERTO GARCIA, Individually and in | § | |
| his Official Capacity; and ROBERT BAZAN, | § | |
| Individually and in his Official Capacity, | § | |
| *Defendants*. | § | |

## DEFENDANTS' ADDITIONAL BRIEFING ON POST-TRIAL MATTERS

TO THE HONORABLE B. JANICE ELLINGTON:

This "additional briefing" is submitted in compliance with the Court's request for additional briefing on the two issues raised in the post-trial hearing, as well as the Clerk's Notice of Deficient Pleading (Dkt. No. 67) dated May 21, 2001. Defendants continue to rely on their Response to Plaintiff's Rule 59 Motion for New Trial and Motion to Amend Judgment for their position with regard to Plaintiff's motion.

Initially the Court inquired whether the jury's answers were so inconsistent that a new trial was needed on all issues. Defendants believe the jury's answers were consistent with the instructions given and the evidence and no new trial is necessary. (See pp. 3-10 of Defendants' Response). To the extent the Court believes there is inconsistency then Defendants assert a new trial would be necessary on the liability as well as damages issues.[1] Here, if there is any inconsistency,

---

[1] The issue submitted on First Amendment retaliation for reporting safety concerns (Question No. 2) should not be retried both because the jury found no liability or damages on the claim and because the Plaintiff has sought no relief on this claim.



the liability issues are inextricably intertwined with the damages issues which would require a retrial on both. This standard was adopted by the Fifth Circuit in *Eximco v. Trane Co.*, 748 F.2d 287, 290 (5th Cir. 1984) and also discussed by Wright & Miller in Federal Practice and Procedure § 2814, p. 150 (1995). See also, *Fugitt v. Jones,* 549 F.2d 1001 (5th Cir. 1977). In the instant case, the Court's Instructions combined liability with the affirmative defenses without a delineation from the damages instructions making it too mixed to separate. Allowing a retrial on damages only would deprive the Defendants of a fair trial.

*Hadra v. Herman Blum Consulting Engineers*, 632 F.2d 1242 (5th Cir. 1980) stands for the proposition that "[a] new trial is required where there is no evidence supporting the jury's verdict." See pp. 1244-45. However a new trial is not required in the instant case because there is more than ample evidence to support the jury's conclusion that Joseph Connor would have been terminated anyway, which led to their decision to award no damages as a result. As argued by Defendants in their Response to Plaintiff Connor's Motion for New Trial, the trial court is required to reconcile the jury's verdict with the evidence admitted at the trial.

Alternatively, if the Court determines the verdict was clearly inconsistent, it must find the verdict compromised; such could be the only logical explanation. A compromised verdict requires a new trial on all issues. *Farrar v. Cain*, 756 F.2d 1148 (5th Cir. 1985).

The Court also asked whether Plaintiff was entitled to nominal damages. For the reasons stated in their Response, Defendants believe the answer is "no." The jury answered the questions in a way to give meaning to the instructions, specifically those found on pages 4 & 6. The jury awarded no damages because they believed "the verdict" should have been for Defendant Garcia and because they did not believe Connor should "prevail" as defined in the instructions. There is,

therefore, no basis to disturb the jury's verdict on damages.

        Respectfully submitted,
        JOHN CORNYN
        Attorney General of Texas

        ANDY TAYLOR
        First Assistant Attorney General

        JEFFREY S. BOYD
        Deputy Attorney General for Litigation

        TONI HUNTER, Chief
        General Litigation Division

        _____
        JOSE M. RANGEL
        Assistant Attorney General
        Texas Bar No. 16543550
        Fed. Id No. 19859
        Office of the Attorney General
        General Litigation Division
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 475-4054
        (512) 320-0667 FAX

        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been sent by U.S. Certified Mail, on May 23, 2001, to:

Gay E. Gilson
LAW OFFICE OF GAY E. GILSON
4600 Ocean Drive, Suite 104D
Corpus Christi, Texas 78412

_____
JOSE M. RANGEL
Assistant Attorney General

4